**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------X
BARBARA MAYO,

                              Plaintiff,

        -against-

JO ANNE B. BARNHART,
Commissioner of Social Security,

                              Defendant.
----------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
05 CV 0704 (ADS)(JO)

**APPEARANCES:**

**CHRISTOPHER JAMES BOWES, ESQ.**
Attorney for the Plaintiff
54 Cobblestone Drive
Shoreham, New York 11786

**ROSLYNN R. MAUSKOPF**
**UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201
       By:    Leslie A. Ramirez-Fisher, Special Assistant United States Attorney

**SPATT, District J.**

Barbara Mayo (the "plaintiff") commenced this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), challenging the final determination of the Commissioner of Social Security (the "Commissioner" or the "defendant") denying her claim for disability insurance benefits. On March 17, 2006, the Court vacated the Commissioner's decision and remanded the matter for further proceedings. The parties do not indicate if any action has been taken on remand as of

the present time. Presently before the Court is the plaintiff's motion for $7,138.59 in attorneys' fees pursuant to 28 U.S.C. § 2412(1).

## I. BACKGROUND

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), provides that a federal district court can:

> award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action…including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The statutory framework governing awards of attorneys' fees under the EAJA requires that: (1) the claimant be a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) pursuant to 28 U.S.C. § 2412 (d)(1)(B), any fee application must be submitted to the court within thirty days of final judgment in the action must and be supported by an itemized statement. Kerin v. U.S. Postal Service, 218 F.3d 185, 189 (2d Cir. 2000).

With respect to the first prong:

> [a] prevailing party is one that has 'succeeded on any significant issue in litigation which achieved some of the benefit the part[y] sought in bringing suit,' such that the party is able to 'point to a resolution of the dispute which changes the legal relationship between itself and the [adversary].'

Kerin, 218 F.3d at 189 (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989) (interpreting the prevailing party requirement under 42 U.S.C. § 1988).

If the plaintiff, establishes its "prevailing party" status, the burden of the second prong shifts to the government. Sotelo-Aquije v. Slattery, 62 F.3d 54, 58 (2d Cir. 1995). The government's position was substantially justified "if it had 'a reasonable basis both in law and in fact.' " Kerin, 218 F.3d at 189 (quoting Pierce v. Underwood, 487 U.S. 552, 563, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). As to the third prong, "courts look to traditional equitable principles when deciding whether special circumstances would make an award of attorney's fees unjust." McKay v. Barnhart, 327 F. Supp. 2d 263, 267 (S.D.N.Y. 2004) (citing United States v. 27.09 Acres of Land, 43 F.3d 769, 772 (2d Cir. 1994); Oguachuba v. INS, 706 F.2d 93, 98 (2d Cir. 1983)).

A further requirement of the EAJA is that the attorney fees requested not be excessive or unreasonable. See 28 U.S.C. § 2412(d)(2)(A); see also Aston v. Sec'y of Health and Human Servs., 808 F.2d 9, 11-12 (2d Cir. 1986); Hinton v. Sullivan, No. 84-9276, 1991 WL 123960, at *5-6 (S.D.N.Y. July 2, 1991). The district court has broad discretion in the allowance or disallowance of the attorney's time record. Aston, 808 F.2d at 11 (refusing to disturb a district court's allowance of two hundred hours of attorney time). However, there is a statutory cap $125 per hour, "unless the

court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C § 2412(d)(2)(A). This cap applies to all civil actions commenced on or after March 29, 1996. Kerin, 218 F.3d at 189. The district court can apply an adjustment to this ceiling, as measured by the Consumer Price Index ("CPI"), but the hourly rate should only be increased by the corresponding CPI for each year legal work was performed. 28 U.S.C. § 2412(d)(2)(A); Kerin, 218 F.3d at 194.

Although there is no bright-line rule for the measure of reasonable attorney fees, the court in DiGennaro v. Bowen, 666 F. Supp. 426 (E.D.N.Y. 1987), found that in cases of this nature, compensated hours range from twenty to forty hours. Id. at 433; see also, e.g., Vega V. Schweiker, 558 F. Supp. 52, 54 (S.D.N.Y. 1983) (allowing 29.25 hours); San Filippo v. Sec'y of Health & Human Servs., 564 F. Supp. 173, 177 (E.D.N.Y. 1983) (allowing forty-one hours). However, courts in this Circuit have frequently awarded attorneys' fees well in excess of the twenty to forty hour range when the facts of the specific case warrant such an award. See, e.g., Hinton, 1991 WL 123960, at *5-6 (awarding 158.55 hours at a market rate of $250); Garcia v. Bowen, 702 F. Supp. 409, 411 (S.D.N.Y. 1988) (allowing 156.2 hours). In Aston, the Second Circuit, also approved a request in excess of the twenty to forty hour range, when it allowed two hundred hours. Aston, 808 F.2d at 12. In Aston, the court also held that

telephone, postage, travel, and photocopying costs, were reimbursable under the EAJA as reasonable "fees and expenses" pursuant to 28 U.S.C § 2412(d)(2)(A). Aston, 808 F.2d at 12.

## II. DISCUSSION

### A. Prevailing Party

The plaintiff is a prevailing party because she obtained a remand for further administrative proceedings in this Court's April 18, 2006 decision. The parties do not indicate if any action has yet been taken on remand. The Supreme Court held in Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993), that a plaintiff who obtains a remand pursuant to the fourth sentence of 42 U.S.C. §405(g) is a prevailing party for purposes of the EAJA, even though she has not yet obtained any benefits. Id. at 300-01. Furthermore, the government concedes this point. Thus, the Court finds that the plaintiff is a prevailing party.

### B. Substantial Justification

Once the plaintiff's prevailing party status is established the burden of proof is on the government to establish that its position during the agency proceedings was substantially justified. However, in its "Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees" the government conceded that it does "not oppose Plaintiff's motion based on substantial justification." Consequently, the

government has failed to meet its burden and the plaintiff also prevails on this prong of the EAJA test.

### C. Special Circumstances

The defendant does not argue that there are any special circumstances present that would make an award of fees unjust and the Court finds that there are none. Thus, the plaintiff prevails on this prong as well.

### D. Timely Filing

The EAJA requires that "a party seeking an award of fees . . . shall, within thirty days of final judgment in the action, submit to the court an application for fees." 28 U.S.C. § 2412(d)(1)(B). The "final judgment" arises, and the thirty-day period for filing an application for EAJA fees begins, when the time to appeal the order has lapsed. See 28 U.S.C. § 2412 (d)(2)(G); Shalala, 509 U.S. at 297, 113 S. Ct. at 2629 (holding that it is not "possible to argue that the judgment authorized by sentence four [of 42 U.S.C. § 405(g)], if it includes a remand, does not become a final judgment – as required by § 2412(d)–upon expiration of the time to appeal"). In cases in which the United States or an agency thereof is a party, the time for filing an appeal is sixty days. 28 U.S.C. § 2107(b). Therefore, an EAJA motion must be filed within ninety days after entry of judgment. Under the Federal Rules of Appellate Procedure, a party's time to appeal from a judgment of the District Court is measured from the date judgment is entered on the docket by the clerk. See Fed. R. App. P. 4(a)(1); Fed. R.

Civ. P. 58(b)(2) (stating that "[j]udgment is entered . . . when it is entered in the civil docket under Rule 79(a)").

Here, a review of the docket sheet reveals that a Judgment dated April 7, 2006, was entered in the docket on April 18, 2006. Applying the sixty-day period for appeal, this Judgment became "final" on June 19, 2006, the first business day following the expiration of the sixtieth day from entry, which in this case was Saturday, June 17, 2006. See Fed. R. App. P. 26(a)(3) (stating that where the sixtieth day falls on a weekend, the time to appeal is tolled until the first business day thereafter). Thirty days after "final judgment" to file an EAJA motion was July 19, 2006. The plaintiff's motion was filed on July 17, 2006, and thus was timely under 28 U.S.C. § 2412(d)(1)(B).

  **E.**  **Reasonable Fees**

The plaintiff requests a total of $7,138.59 in attorneys' fees for 44.5 hours of time expended during the course of this action. In determining whether this amount is reasonable, the Court should first determine the EAJA hourly rate that should be applied to the number of hours that the plaintiff's counsel reasonably worked in these proceedings.

For work done in the year 2005, the plaintiff's counsel applied for an hourly rate of $159.69. This rate is based on cost of living adjustment (COLA) for the 2005 calendar year in the New York-Northern New Jersey-Long Island area. The EAJA

specifically authorizes an increase from the capped rate of $125, if the court determines that an increase in the cost of living has occurred. 28 U.S.C. § 2412(d)(2)(A). The COLA prepared by the Social Security Administration indicates that an increase in the cost of living has occurred, and therefore, the use of the 2005 average hourly rate for work done in 2005 appears reasonable.

For work done in 2006, the plaintiff's counsel has applied two different rates. On one occasion an hourly rate of $163.42 has been used. For the remaining work an hourly rate of $167.12 has been used. Even though most of the plaintiff's counsel's work in this case took place in July and August 2006, and the last rate given in the COLA is for June, the plaintiff has applied the June rate to all of the work performed in July and August. Therefore, the application of a rate of $167.12 and $163.42 for work performed in 2006 is reasonable. Furthermore, in its Memorandum in Opposition to Plaintiff's Motion for Attorney Fees, the defendant makes no attempt to contest the reasonableness of the hourly rates requested by the plaintiff.

The defendant's concern is with the number of hours that the plaintiff is attempting to have included in its application for EAJA attorney fees. The defendant's main arguments are that: (1) 35.9 hours spent reviewing the record of the case and drafting a memorandum of law in support of a motion for judgment on the pleadings in the underlying social security appeal was "at the upper limit" of the time

generally considered reasonable for a social security case; and (2) the plaintiff's attorney is seeking compensation for clerical work.

It is important to note that this Court has broad discretion in determining whether time was reasonably expended. <u>Aston</u>, 808 F.2d at 11. Furthermore, this Court should not engage in scrutinizing each action taken or the time spent on it. <u>Id.</u> Even though some courts have found there to be a twenty to forty hour benchmark for cases in this context, many courts have ignored this benchmark and allowed compensation for hours far in excess of those amounts.

The defendant asserts that the 35.9 hours does not involve any time spent on the EAJA motion or on oral argument for the 42 U.S.C. § 405(g) action. However, the defendant does not contend that any of the 35.9 hours were unnecessary. Also, there are circumstances involved here that have justified courts exceeding the forty hour benchmark. For example, the plaintiff's challenge to the denial of her social security determination began more than ten years ago on November 1, 1996. The plaintiff's counsel only began his representation in January 2005. Therefore, counsel had to review more than eight years worth of administrative records and documents pertaining to the plaintiff's actions. The plaintiff had been through three separate administrative hearings and there were three separate decisions to analyze. <u>Cf.</u> <u>Hinton</u>, 1991 WL 123960, at *5 (finding a special factor justifying 158.55 hours when counsel was brought in years after the claim was first pursued, and there were

numerous documents and transcripts to be reviewed); DiGennaro, 666 F. Supp. at 433-34 (reducing compensable hours from 130.5 to 40, but also finding there to be special factors in the case, due to counsel being brought in at the District Court level years after the claim was initiated and there was a need to reconstruct medical evidence from examinations conducted eight years earlier). Thus, with the special circumstances involved and the fact that none of counsel's 35.9 hours were unnecessary, the Court finds that these fees are reasonable.

The defendant also contests the plaintiff's demand for compensation for what the defendant contends were mostly clerical tasks. Specifically, these tasks include driving to the courthouse, filing the complaint, driving back to the office, and preparing a summons cover-sheet. In light of the nature of the work involved, the plaintiff is requesting to be paid at the lower rate of $79.845. The case that the defendant cites in support of its position is distinguishable. See Action on Smoking & Health v. Civil Aeronautics Bd., 724 F.2d 211 (D.C. Cir. 1984). In that case, as to the attorneys requesting compensation, one had his hours reduced after including "numerous" trips to the courthouse in his demand. Id. at 222. Here, counsel only requests compensation for one trip to the courthouse. Most importantly however, the Second Circuit has permitted attorneys to recover such costs, as reasonable "fees and expenses" under 28 U.S.C. § 2412(d)(2)(A). See Aston, 808 F.2d at 12 (holding that "telephone, postage, travel and photocopying costs" were reimbursable under the

EAJA). As the plaintiff requests only a few hours, 1.8 in total, this amount of clerical work is not unreasonable. Thus, the Court will permit the plaintiff to recover 1.8 hours at an hourly rate of $79.845.

Finally, the defendant contests the plaintiff's request for time spent on the preparation of this motion to recover fees. The defendant claims that the memorandum supporting this motion and the supporting declaration are substantially the same document and that the plaintiff should not be compensated for both. Again, this Court has broad discretion in the area of allowing or disallowing requested hours. <u>Aston</u>, 808 F.2d at 11 (holding that even though the plaintiff's counsel "probably wasted some time in the drafting of pleadings and memoranda," district court's have broad discretion in this area). Even though portions of the memorandum and the supporting declaration are substantially similar, the 4.6 hours that the plaintiff's attorney requested for compensation for reviewing the case file and preparing the papers for this motion is not unreasonable. Further, as stated above, the Second Circuit has held that district courts "need not" scrutinize each action taken or the time spent on it. <u>Id.</u> Thus, the Court finds that the attorneys fees requested by the plaintiff are reasonable. Accordingly, the plaintiff's motion for attorney's fees in the sum of $7,138.59, is granted.

### III. CONCLUSION

Based on the foregoing, it is hereby

11

**ORDERED**, that the plaintiff's motion for attorneys fees in the amount of $7,138.59 is **GRANTED**.

**SO ORDERED**.

Dated: Central Islip, New York
       March 3, 2007

                                            */s/ Arthur D. Spatt*
                                              ARTHUR D. SPATT
                                        United States District Judge